UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS DENNIS BURNS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-2912 (UNA) |
| | ) |
| | ) |
| HERBERT CARR *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Memorandum Opinion**

The Court is in receipt of Plaintiff's *pro se* complaint and application to proceed *in forma pauperis* (IFP). Plaintiff sues Magistrate Judge Melanie Acuna of D.C. Superior Court, four other individuals identified by name only, and presumably D.C. Child and Family Services Agency. *See* ECF No. 1 at 2. Plaintiff claims "Fraud and Discrimination of Gender," but has alleged no supporting facts. *Id*. at 4

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

2

Plaintiff's cryptic pleading fails to "give the defendants fair notice of what the claim is and the grounds upon which it rests." *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (cleaned up). Therefore, the Court grants Plaintiff's IFP application and dismisses the complaint without prejudice. A separate order accompanies this memorandum opinion.

Date: February 3, 2025

_____/s/_____
AMIR H. ALI
United States District Judge